[No. 3517.]

## D. B. McMillan v. The State.

1. LOCAL OPTION LAW.— INDICTMENT, similar in every respect to the one in this case, has been heretofore held sufficient to charge a violation of the local option law, under article 378 of the Penal Code. See *Sedberry* v. *The State*, 14 Texas Ct. App., 233.

2. SAME.— A prohibited sale of liquors is *per se* a violation and not an evasion of the law, and is punishable as a violation. It is not, therefore, essential that an indictment for selling liquors in violation of the local option law shall allege that such sale was "with the purpose of evading the law." Such an allegation is not even necessary in a case where the sale is, in fact, a sham gift, and it would be competent, upon a direct charge of sale, if gift be the defense interposed, for the State to prove that the gift was a mere pretense and sham to evade the law, and that it was, in fact, a sale.

3. SAME — EVIDENCE.— In order to show that the commissioners' court was properly clothed with jurisdiction to order an election under the local option law, within a given locality, it must appear that the petition for prohibition was signed by the requisite number of qualified voters of the particular locality. Recital in the order of the court that such a petition was presented and acted upon is not sufficient to establish that fact, but the petition itself, or proof thereof, independent of the order, must be adduced.

4. SAME.— In order to authorize a conviction for the violation of the local option law, it must affirmatively appear that all the forms of law were complied with; and that the election was held in accordance with law, is a fact that must be alleged and proved.

5. SAME — PROOF AND SUBSTITUTION OF LOST RECORDS.— Articles 1475, 1476, 4286 *et seq.* of the Revised Statutes, providing for the substitution of lost records and papers, do not provide the modes whereby proof may be made of such lost records and papers, but are merely additional modes to those already in force. It was competent, therefore, notwithstanding these additional modes, for the State to prove by parol the existence and contents of the petition. But see the opinion *in extenso* for evidence *held* insufficient to prove the contents of a lost local option petition.

APPEAL from the County Court of Johnson.     Tried below before the Hon. W. J. Ewing, County Judge.

The conviction was for a violation of the local option law, and the penalty imposed was a fine of $25.

It is sufficient, by way of statement, to say that but for the failure to prove the contents of the petition, and thereby the existence of a legal order of election, the State would have proved its case.

*Bledsoe & Fisher*, for the appellant.

*J. H. Burts*, Assistant Attorney-General, and *Davis & Plummer*, for the State.

WHITE, PRESIDING JUDGE.     The indictment in this case is almost a literal copy of the one in *Sedberry* v. *The State*, 14 Texas Ct. App., 233, which was pronounced by us sufficient to charge a violation of "local option" under article 378 of the Penal Code.

Where the indictment is for "*selling*" liquors in violation of local option, it has never been held that it was essential to allege that such *sale* was "with the purpose of evading the law." A prohibited sale is *per se* a violation and *not an evasion* of the law, and is punishable as a violation. In *Stallworth* v. *The State*, 16 Texas Ct. App., 345, it is suggested that where the prosecution is for a sale which under the circumstances alleged in the indictment show a sham or pretended gift, it would be necessary, in order to make such an allegation sufficient, to allege that the pretended gift was in fact a sale, and that the pretense was with the purpose of evading the law. Though even in such a case as a sham gift we see no necessity, in charging the facts connected with the sham, to set forth a sale in fact; but upon a direct charge of a sale, if a gift is the defense interposed, the prosecution may show that the gift was a mere pretense and sham to evade the law, and that the act was in fact, as

alleged, a sale. Defendant's motion in arrest of judgment, based upon the supposed insufficiency of the indictment, was properly overruled.

In *Prather* v. *The State*, 12 Texas Ct. App., 402, it was held that the petition for prohibition, signed by the requisite number of qualified voters of the particular locality, is essential to establish the fact that the commissioners' court were legally invested with jurisdiction to order the election in the premises. And it is not evidence sufficient to establish the fact that such petition was presented and acted upon, that the order of the court recites the fact; the petition itself, or proof thereof, must be adduced on the trial, independent of the order.

With regard to the validity of convictions for violations of such laws, it is requisite that all the forms of law be complied with. "That the election was held in accordance with law is a fact which must be alleged and proved in order to authorize a conviction for the violation of the local option law." (*Prather* v. *The State*, 12 Texas Ct. App., 402; *Akin* v. *The State*, 14 Texas Ct. App., 142; *Donaldson* v. *The State*, 15 Texas Ct. App., 25.)

In the case before us the petition for "local option" could not be found, and was not adduced in evidence on the trial. But the county clerk, who was the proper custodian of the paper, stated, as a witness, that he had a general recollection of such a petition, though he did not remember having it before him when he wrote the order of the commissioners' court ordering the election, nor did he know its contents or the names or number of the signers; that he saw the petition some time after the date of the election order; that he had made diligent search for it in his office, and could not find it, and he did not know where it was. The county judge also testified that he had "some faint recollection of a petition being before the commissioners' court at the time," but he did "not remember anything about the contents, nor who the signers were, or whether they were citizens of said precinct."

It was objected to this evidence, that: 1. Parol testimony was not admissible to show the existence and contents of such petition, and that the same could only be proven by the original or a certified copy. 2. That there was no predicate laid for the introduction of such testimony by allegation or affidavit of the loss of the same. 3. That if said petition was lost or mislaid, the same being an archive of a court of record, it should have been substituted under the statute.

A sufficient predicate of the loss of the petition was, we think, laid by the evidence of the clerk who was its custodian. If lost,

then we can see no good reason why its contents could not be proven by parol, as any other lost instrument. It is true we have statutes providing and regulating the procedure for "the substitution of lost records and papers" (Rev. Stats., arts. 1475, 1476, 4286 *et seq.*), but a substitution by these modes is not a prerequisite to proof of such lost records and papers. They are merely additional modes to those already in force for establishing such instruments, records and papers. (Rev. Stats., art. 4287.) A party, notwithstanding these additional modes, may still prove loss and contents by the recognized modes previously in force. The court did not err in holding that the existence and contents of the petition could be proven by parol.

The question, then, is, was a legal petition, such as is required as a prerequisite to the action of the commissioners' court to order the election, proven? In other words, were the contents of said petition proven? The clerk says: "I do not remember its contents or the names or number of the signers;" and the county judge says: "I have some faint recollection of a petition being before the commissioners' court at the time, but do not remember anything about the contents." Surely these witnesses do not prove the contents, and no other evidence on the subject was offered. We have seen that the existence of such a petition as the law requires (Rev. Stats., art. 3227) must be shown in order to establish the jurisdiction of the commissioners' court to order the election, and a conviction for a violation of local option, where the existence of such a petition has not been shown, cannot be permitted to stand. (*Prather* v. *The State,* 12 Texas Ct. App., 402; *Akin* v. *The State,* 14 Texas Ct. App., 142; *Donaldson* v. *The State,* 15 Texas Ct. App., 25.)

It is unnecessary to discuss other questions in the present attitude of the case. Because the conviction lacks essential evidence to support it, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

[Opinion delivered June 6, 1885.]